UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

Case No.: 0:23-cv-60900

AMANDA COHEN
An Individual,

    Plaintiff,

v.

RICK CASE SUNRISE, LLC., d/b/a
RICK CASE KIA,
A Florida Limited Liability Company,

    Defendant.
_____/

**COMPLAINT AND DEMAND
FOR JURY TRIAL**

Plaintiff, AMANDA COHEN, brings this action against RICK CASE SUNRISE, LLC., a Florida Limited Liability Company, under the Consumer Leasing Act ("CLA"), 15 U.S.C. § 1667, and its implementing regulations, 12 C.F.R. § 1013 *et seq.* ("Regulation M").

**JURISDICTION AND VENUE**

1.    The Court has federal question jurisdiction under 28 U.S.C. § 1331 because the claim arises from the CLA, a federal statute. 15 U.S.C. § 1667d(c).

2.    Venue is proper before this Court because the acts and transactions giving rise to Plaintiff's action occurred in this district, Plaintiff resides in this

district, and Defendant transacts business in this district.

## PARTIES

3. Plaintiff is a natural person who at all relevant times resided in Miami-Dade County, Florida.

4. Defendant is a Florida corporation with principal offices in Broward County, Florida.

## FACTUAL ALLEGATIONS

5. In July of 2019, Defendant leased a new 2019 Kia Optima ("Vehicle") to Plaintiff.

6. The Vehicle was leased under Defendant's Florida Motor Vehicle Lease Agreement ("Lease"). A copy of the lease is attached as Exhibit A.

7. In the Lease, Defendant provided Plaintiff with the option to buy the Vehicle at the end of the Lease term: "You have an option to purchase the Vehicle from us at the scheduled end of the Lease Term, AS IS, WHERE IS, from us or a party we designate, for the Residual Value on Line 7D above ("Purchase Price"), and a Purchase Option Fee of $0.00. You are also responsible for any official fees, such as those for taxes, tags, license, and registration." *Id*. ¶ 9.

8. Line 7D of the lease indicates the residual value of the Vehicle to be $14,045.40 ("Purchase Option Amount").

9. At the end of the lease term, Plaintiff contacted the lease servicer to

whom the lease was assigned and asked about the process to buy the Vehicle.

10. The lease servicer directed Plaintiff to buy the Vehicle through Defendant ("Rick Case Kia").

11. In June of 2022, Plaintiff visited Rick Case Kia to exercise the purchase option.

12. To buy the Vehicle, Rick Case Kia charged Plaintiff a $799.00 "Dealer Service Charge" a $290.00 "transfer, title and tag" fee and an additional $354.60 above and beyond the purchase option price.

13. The above amounts were not official fees for which the Defendant was able to charge.

14. The Defendant also charged Plaintiff a $2.00 Lemon Law Warranty Enforcement Act fee and a $6.50 "BATTERY FEE/TIRE FEE".

15. The Lemon Law Warranty Enforcement Act Fee and Battery and Tire Fee are pass-through charges assessed solely upon the sale of new motor vehicles.

16. Upon good information and belief, Defendant failed to ever remit the $2.00 Lemon Law Warranty Enforcement Act fee and a $6.50 "BATTERY FEE/TIRE FEE" to any governmental agency and simply profited to the Plaintiff's expense from the aforementioned fees.

17. The fees identified above were never disclosed in the Lease by the Defendant.

18. In total, Plaintiff was charged $1,452.10 more than the Purchase Option Amount in the Lease.

19. The Vehicle was leased for purposes germane to family and household use.

## COUNT I AS TO DEFENDANT'S VIOLATION OF FEDERAL CONSUMER LEASING ACT 15 U.S.C. § 1667a

20. The CLA governs the disclosures in the Lease because the lease term ran for 36 months and was for less than $58,300. 15 U.S.C. § 1667(1).

21. Plaintiff is a natural person who leased the Vehicle primarily for personal, family, and household purposes. 15 U.S.C. § 1667(1)-(2).

22. Defendant had to comply with the CLA's disclosure requirements because it was a "lessor" under the CLA.

23. Defendant has leased, offered, or arranged to lease vehicles more than five times in the preceding calendar year or more than five times in the current calendar year. 15 U.S.C. § 1667(3); Reg. M § 1013.2(h).

24. As described above, Defendant had substantial involvement in the lease transaction with Plaintiff.

25. Upon information and belief, Defendant financially gains on the resale of the vehicle at the end of the Lease term.

26. The Lease is governed by the disclosure requirements of 15 U.S.C.

§ 1667a and 12 C.F.R. § 213.4.

27. The disclosure of the purchase option price in the Lease had to be accurate, clear, conspicuous, and complete. 12 CFR § 1013.3(a).

28. Defendant violated 15 U.S.C. § 1667 and 12 CFR § 1013.4(i) by choosing not to disclose in the purchase option price that payment of a $799.00 "Dealer Service Charge" was required to exercise the purchase option at the end of the lease.

29. Defendant violated 15 U.S.C. § 1667 and 12 CFR § 1013.4(i) by choosing not to disclose in the purchase option price that payment of $799.00 more than the purchase option price was required to exercise the purchase option at the end of the lease.

30. Defendant violated 12 CFR § 1013.3(a) because the purchase option price was unclear, inaccurate, and incomplete.

31. These omissions were material to Plaintiff's decision to enter into the Lease, and Plaintiff detrimentally relied on these material omissions.

32. Plaintiff suffered financial loss in that Plaintiff paid $1,452.10 more than what the Lease required to buy the Vehicle.

33. Had Defendant provided an accurate, complete, and clear purchase option price in the Lease, which it was required to do, Plaintiff would have negotiated better terms or elected declined to lease the Vehicle.

34. Defendant's illegal conduct was the actual and proximate cause of the actual damages suffered by Plaintiff.

35. Pursuant to 15 U.S.C. § 1640, Plaintiff is entitled to recover actual and statutory damages from Defendant, and reasonable attorney's fees and costs.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for relief and judgment against Defendant as follows:

A. Actual and Statutory Damages as provided by law;

C. Pre-judgment and post-judgment interest, as allowed by law;

D. Reasonable attorneys' fees and costs;

E. Injunctive relief requiring Defendant to honor its obligation under its Lease agreements to sell the Leased vehicles for the price identified on the Lease agreement; and

F. Such other and further relief as is just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

Dated: May 15, 2023

/s/ Joshua E. Feygin
JOSHUA FEYGIN, ESQ.

FL Bar No.: 124685
Email: Josh@JFeyginesq.com
JOSHUA FEYGIN, PLLC
1930 Harrison St, Suite 208F
Hollywood, FL 33020
Tel: (954) 228-5674
Fax: (954) 697-0357
*Counsel for Plaintiff*